# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Dannitte Mays Dickey, Respondent.

Appellate Case No. 2020-000466

---

Opinion No. 27979
Submitted May 7, 2020 – Filed June 3, 2020

---

## DEFINITE SUSPENSION

---

John S. Nichols, Disciplinary Counsel, and Joseph P.
Turner, Jr., Senior Assistant Disciplinary Counsel, both
of Columbia, for the Office of Disciplinary Counsel.

James Steedley Bogan, of Bogan Law Firm, of Columbia
for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definite suspension of one, two, or three years.  Respondent requests his
suspension be applied retroactively to February 11, 2015, the date of his interim
suspension. *In re Dickey*, S.C. Sup. Ct. Order dated Feb. 11, 2015.  As a condition
of discipline, Respondent agrees to complete the Legal Ethics and Practice
Program Ethics School prior to reinstatement.  Respondent further agrees that,
prior to seeking reinstatement, he will enter into a two-year monitoring contract
with Lawyers' Helping Lawyers (LHL) that includes the provision of quarterly
reports to the Commission on Lawyer Conduct (the Commission).

We accept the Agreement and suspend Respondent from the practice of law in this
state for one year, retroactive to the date of his interim suspension.  The facts, as
set forth in the Agreement, are as follows.

# Facts

*Matter I*

ODC found no evidence of misconduct in the underlying matter; however, Respondent failed to timely respond to ODC's notice of investigation regarding the matter.

*Matter II*

Client B retained Respondent to handle a name change for the client's child. Respondent did not deal promptly with the matter and made excuses to Client B to explain the delay. At the time of his interim suspension, Respondent had not completed the work. The Lawyers' Fund for Client Protection refunded Client B's fees.[1] Respondent also failed to timely respond to ODC's notice of investigation regarding the matter.

*Matter III*

Client C retained Respondent to represent Client C in a domestic matter. Respondent alleges Client C was often difficult to reach but acknowledges he (Respondent) did not always answer Client C's inquiries in a timely manner. Respondent submits there were delays in the case due to service issues and Client C's frequent failure to respond to Respondent's requests for information promptly. However, Respondent acknowledges he did not deal with the matter in a timely fashion. Respondent also failed to timely respond to ODC's notice of investigation regarding the matter.

*Matter IV*

Client D, who lived in Hawaii, hired Respondent to help him with a child support issue. Respondent states he did a good amount of work on the matter but admits he was not diligent in his handling of the issue and did not adequately communicate with Client D. Respondent also failed to timely respond to ODC's notice of investigation regarding the matter.

---

[1] Respondent is in the process of reimbursing the Lawyers' Fund for Client Protection pursuant to a separate agreement with the Commission.

*Matter V*

Client E alleged Respondent failed to adequately communicate with her about her case. Respondent states he frequently communicated with Client E by cell phone but admits that, when he changed offices, he was hard to reach on his landline for a period. While Respondent competently represented Client E, he admits notifying the client of a hearing on short notice and making scrivener's errors in the final order. Respondent also failed to timely respond to ODC's notice of investigation regarding the matter.

## Law

Respondent admits that by his conduct he violated Rules 1.1 (competence); 1.3 (diligence); 1.4 (communication); and 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority), RPC, Rule 407, SCACR. Respondent also admits the above allegations constitute grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (violating the Rules of Professional Conduct).

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for one (1) year. Accordingly, we accept the Agreement and suspend Respondent for a period of one year, retroactive to the date of his interim suspension.

Additionally, we remind Respondent that, pursuant to the Agreement, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement. Further, prior to seeking reinstatement, Respondent shall enter into a two-year monitoring contract with LHL that includes filing quarterly reports with the Commission.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**